UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GERALD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-202 |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT | ) | |
| OFFICERS JOHN/JANE DOES and | ) | |
| THE CITY OF FORT WAYNE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Partial Summary Judgment, requesting that judgment be entered in favor of Fort Wayne Police Department ("FWPD") Officers John/Jane Does on all claims brought against them.[1] (Docket # 19.) Plaintiff Gerald Williams does not contest the motion. (*See* Docket # 21.) Because the John/Jane Does will be DISMISSED under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to timely serve them, Defendants' motion for partial summary judgment is deemed MOOT.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Gerald Williams alleges that, during the course of his arrest on September 16, 2010, several FWPD officers unreasonably seized and used excessive force on him. (Compl. ¶¶ 2, 7.) As a result of this incident, on June 19, 2012, Williams brought suit against "Officers John/Jane Does of the [FWPD]" in their individual capacities, under 42 U.S.C. § 1983, for violating his

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (Docket # 15.)

1

Fourth Amendment rights and the City of Fort Wayne, under *respondeat superior* liability, for the state law battery allegedly committed by these officers. (Compl. ¶¶ 2-3, 10.) In the Complaint, Williams alleges that the names of the FWPD officers are "currently unavailable, but to be provided upon [d]iscovery." (Compl. ¶ 2.)

On September 6, 2012, Williams filed a Motion for Early Discovery, seeking leave to conduct early discovery to obtain the names of the Doe Defendants before the statute of limitations ran on September 16, 2012. (Docket # 13.) The Court granted the motion that same day, permitting Williams to issue discovery focused on the identity of the Doe Defendants and instructing Defendants to respond to such discovery on or before September 15, 2012. (Docket # 14.) Williams then served Interrogatories and a Request for Production of Documents on Defendants; Defendants responded on September 12, 2012, identifying several officers by name in their answers to the Interrogatories and producing the officers' narrative reports in response to the Request for Production. (Docket # 19-1 at 3, 14-23.)

Williams, however, did not move to amend his Complaint to add any named officers before the statute of limitations ran on September 16, 2012; nor has he moved to amend the Complaint to date. As such, Defendants moved for partial summary judgment, arguing that Officers John/Jane Does are entitled to judgment as a matter of law because the statute of limitations passed without Williams amending his Complaint to name them. (Docket # 19, 20.)

On December 12, 2012, the Clerk of Court gave Williams notice that the 120 days permitted by Federal Rule of Civil Procedure 4(m) to serve the Doe Defendants had elapsed, that service of process had not been accomplished as to them, and that such failure was, in the discretion of the Court, sufficient to warrant dismissal of the action without prejudice. (Docket #

22.) The Clerk further advised Williams that if no action was taken by December 21, 2012, the matter would be brought to the Court's attention. (Docket # 22.) Williams failed to respond in any way to this Notice by the December 21st deadline. Furthermore, to date, Williams has still not accomplished service of process on Officers John/Jane Does.

### III. STANDARD

Federal Rule of Civil Procedure 4(m) provides the following:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Under Rule 4(m), "[a] showing of good cause *requires* a Court to grant an extension. A lack of good cause commits the decision to the Court's discretion." *Gerrard v. Andrews Int'l, Inc.*, No. 09-CV-1272, 2010 WL 3724776, at *3 (C.D. Ill. July 28, 2010) (emphasis in original); *see Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996) ("If . . . good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." (citations omitted)).

### IV. DISCUSSION

Here, the December 21, 2012, final deadline set in the Clerk's Notice has come and gone. Yet Williams has still not effectuated service of the summons and complaint on Officers John/Jane Does in accordance with Rule 4. Nor has he attempted to establish good cause for his failure to serve them for over six months. And Williams cannot rely on his initial ignorance of these officers' identities to establish good cause because he has now known their identities for

3

more than three months—since mid-September when Defendants provided that information in response to his early discovery requests.

Additionally, the statute of limitations in this case ran on September 16, 2012, a fact which Williams explicitly acknowledged and relied on in his Motion for Early Discovery. (Docket # 13 at ¶ 2.) As such, Williams could not now amend his complaint to add any defendants based on their alleged actions during his arrest on September 16, 2010. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (stating that suits under § 1983 use the statute of limitations that states employ for personal-injury claims, which, in Indiana, is two years). Under Rule 4(m), "[t]he running of the statute of limitations does not require that a district court extend the time for service of process . . . . Rather, absent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run." *Panaras*, 94 F.3d at 341.

Significantly, because Defendants supplied Williams with the names of the Doe Defendants before the statute of limitations ran, Williams *could have* amended his complaint before this deadline, which is exactly what Williams represented he would do when requesting early discovery. (*See* Docket # 13 at ¶ 3 ("To obtain these names prior to the running of her [sic] statute of limitations, it is imperative that he be permitted to [sic] his discovery requests as soon as possible, and that the Defendants respond prior to September 16, 2012 so that the Plaintiff may amend his Complaint to add in the names of those Defendants named in their individual capacity.").) That Williams undoubtedly recognized the urgency with which he needed to amend his Complaint to name these Defendants makes his failure to do so that much more inexcusable, further warranting dismissal of his claims against the Doe Defendants for failure to timely serve

4

them under Rule 4(m). *See Harper v. C/O Davis*, No. 09 C 0878, 2011 WL 3841703, at *8 (N.D. Ill. Aug. 23, 2011) (dismissing claims against a Jane Doe defendant when despite "being given every opportunity to request information leading to the discovery of Jane Doe's identity and being assisted by defense counsel, Plaintiff has never successfully identified or served her").

Furthermore, since Williams's claims under § 1983 against Officers John/Jane Does are the only federal claims in this case, the Court must decide whether to exercise supplemental jurisdiction over Williams's remaining state law claims against the City of Fort Wayne in its representative capacity. Pursuant to 28 U.S.C. § 1367, unless provided otherwise by statute, federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But when a district court dismisses all federal claims, it has broad discretion to refuse to exercise jurisdiction over remaining supplemental state claims. *Szumny v. Am. Gen. Fin. Inc.*, 246 F.3d 1065, 1073 (7th Cir. 2001); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998); *see Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)." (citation omitted)). As this Court has concluded that all of Williams's federal claims will be dismissed, it declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss these state law claims without prejudice to Williams's right to refile them in a state court of competent jurisdiction.

## V. CONCLUSION

For the foregoing reasons, Williams's federal claims against FWPD Officers John/Jane

5

Does are DISMISSED.  Williams' state law claims against the City of Fort Wayne are

DISMISSED WITHOUT PREJUDICE to refiling in state court.  Defendants' Motion for Partial

Summary Judgment (Docket # 19) is therefore deemed MOOT.

    SO ORDERED.

    Entered this 27th day of December, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
